NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0298n.06

Filed: April 22, 2009

No. 08-6087

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| SHARON HAZELWOOD, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| TENNESSEE DEPARTMENT OF SAFETY, | ) | EASTERN DISTRICT OF TENNESSEE |
| et al., | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

Before: SUHRHEINRICH, BATCHELDER and SUTTON, Circuit Judges.

PER CURIAM. Sharon Hazelwood appeals the district court's decision rejecting her political-affiliation retaliation claim as a matter of law. We affirm.

I.

Hazelwood worked for the Tennessee Highway Patrol, a component of the Tennessee Department of Safety, starting in 1986. *See* JA 534. During 2003 and 2004, her attendance became sporadic, missing work (as she acknowledges) "approximately half the time." JA 114. In November 2004, Fred Phillips, the Commissioner of the Department of Safety, ordered Hazelwood to undergo a "fitness-for-duty evaluation." JA 37. The department's psychologist concluded that Hazelwood was "unfit for duty" in her current position because she suffered from "an anxiety disorder" that included "panic attacks" and that "compromise[d] her ability to perform the essential duties of the job." JA 342. Based on this report, her immediate supervisor, Charles Laxton, recommended that she be discharged. Department officials conducted several hearings to review Laxton's recommendation, and eventually Commissioner Philips adopted it.

Hazelwood sued the Department of Safety, Phillips, Laxton and numerous other Department of Safety officials, alleging that she was fired in retaliation for protected speech and association and without sufficient procedural protections. The district court granted summary judgment in favor of the defendants.

## II.

In challenging the district court's decision, Hazelwood has filed an appellate brief that largely duplicates her summary judgment brief below—much of it, indeed, is cut and pasted directly from it. Because Hazelwood raised these same arguments in front of the district court, because she failed to elaborate in any meaningful way how the district court erred in resolving these issues and because the arguments at any rate have little to recommend them, we rely in large part on the district court's well-reasoned opinions in rejecting these same arguments here. To those decisions, we add these brief comments.

Hazelwood, first of all, does not challenge the district court's ruling that she "abandoned her substantive and procedural due process claims and punitive damages claims" by failing to defend them in her summary judgment response. JA 662. The closest she comes to addressing this ruling is when she repeats a claim she raised for the first time in her summary judgment response: She argues that she was fired because she stood up for a "close friend[]" who was the subject of an internal-affairs investigation, violating her substantive due process right to intimate association under the 14th Amendment. Appellant's Br. at 16.

If, by copying this argument from her summary judgment response into her appellate brief, Hazelwood means to suggest that the district court erred by failing to address it, she is wrong. Hazelwood did not include this claim in her complaint. There thus was no reason for the defendants to deal with it in their summary judgment motions or for the district court to address the point in its

opinions. *See Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1006–07 (6th Cir. 2009). Nor would it be appropriate for us to address the claim now. As a general matter, our function as an appellate court is to "review the case presented to the district court," not to consider the merits of claims never properly presented below. *Armstrong v. City of Melvindale*, 432 F.3d 695, 700 (6th Cir. 2006).

Hazelwood does no better when she argues that the district court erred in rejecting her claim that the defendants terminated her in retaliation for her affiliation with the Republican Party. The district court concluded that she "failed to set forth evidence that is sufficient to [show] that Laxton knew or had reason to know of her Republican status." JA 659. Hazelwood provided almost nothing that could be described as evidence of Laxton's knowledge: She presented a vague report of a conversation in which people "kidded" her about an undescribed bumper sticker in Laxton's presence—presumably indicating her support for a Republican candidate, although she never spells that out in her deposition—coupled with the fact that Laxton "didn't laugh" at these jokes. JA 230. In conclusory fashion, she adds that "everybody at the Highway Patrol knows what everybody else is." JA 183. The district court cogently explained why such evidence could not convince a reasonable factfinder that Laxton knew of Hazelwood's political affiliation, *see Hall v. Tollet*, 128 F.3d 418, 425 (6th Cir. 1997), much less acted upon that affiliation in recommending her discharge, and we see no need to repeat it.

III.

For these reasons, we affirm.